UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL WARNE,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN PHELAN, Secretary of the Navy,<br><br>                Defendant. | CASE NO. 3:25-cv-5602-JNW<br><br>ORDER GRANTING AMENDED MOTION TO APPOINT COUNSEL |

       Pro se Plaintiff Joel Warne sues Defendant John Phelan, alleging employment discrimination in violation of multiple federal laws. Dkt. No.13 at 3. This matter now comes before the Court on Warne's Amended Motion to Appoint Counsel. Dkt. No. 20. For the reasons explained below, the motion is GRANTED.

       No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation," which is not the case here. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even so, the Court may appoint counsel for litigants who are proceeding in forma pauperis (IFP). *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Section 1915(d) empowers the district court to appoint counsel in civil

actions brought in forma pauperis. Appointment of counsel under this section is discretionary, not mandatory."). The decision whether to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To decide whether such "exceptional circumstances" exist, the Court must evaluate "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These factors must be viewed together; neither is dispositive. *Id.* Whether a pro se plaintiff would fare better with help from counsel is not the test. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

Upon review, the Court finds that Warne has made plausible factual assertions that the Navy subjected him to workplace hostility and discrimination on account of his disability and sexual orientation. These allegations suggest a viable prima facie discrimination claim and thus, at the very least, a modest likelihood of success on the merits.

Meanwhile, the quality of Warne's filings would greatly benefit from appointment of counsel. Warne states that he has "several cognitive and neurological impairments secondary to two traumatic brain injuries," which, among other things, "makes it difficult to manage dates" and deadlines. Dkt. No. 20 at 3. This has led Warne, by his own admission, to miss deadlines. *Id.* Obtaining legal

representation would likely save time and resources for both the Court and Defendant, once service of process is completed.

Accordingly, the Court GRANTS Warne's motion for appointment of counsel and DIRECTS the District Coordinator of the Pro Bono Panel to try to identify an attorney(s) or law firm from the Pro Bono Panel to represent Warne for all further proceedings. The Court DENIES as moot Warne's first motion to appoint counsel, Dkt. No. 19.

Finally, the Court notes that it lacks authority to *compel* counsel to represent Warne. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the Court may only "request" counsel to serve. *See* 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (holding that Section 1915 permits a court to "request" counsel, not to compel representation). Nor may the Court appoint publicly funded counsel, such as the Federal Public Defender. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e). *See 30.64 Acres of Land*, 795 F.2d at 801. Thus, the Court's power is limited to requesting representation via the pro bono panel. Appointment will depend on the panel's capacity to locate counsel willing to voluntarily represent Warne pro bono.

It is so ORDERED.

Dated this 29th day of August, 2025.

                                                  Jamal N. Whitehead
                                                  United States District Judge

ORDER GRANTING AMENDED MOTION TO APPOINT COUNSEL - 4